IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| GARY P. ESRALIAN | § | |
| | § | |
| V. | § | CASE NO. 4:11cv39 |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying his claim for Disability Insurance Benefits ("DIB"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be **AFFIRMED.**

**HISTORY OF THE CASE**

Plaintiff protectively filed an application for Disability Insurance Benefits under Title II of the Social Security Act on September 24, 2007, claiming entitlement to disability benefits due to diabetes, high blood pressure, depression, tendinitis, carpal tunnel syndrome, high cholesterol, and high triglycerides. Plaintiff's application was denied initially and on reconsideration. Pursuant to Plaintiff's request, a hearing was held before an Administrative Law Judge (ALJ) in Dallas, Texas on December 18, 2008. Plaintiff was represented by counsel at the proceeding. At the hearing, Plaintiff, the ALJ's medical experts, Dr. Alvin Smith and Dr. John Vorhies, and the ALJ's vocational expert, Talesia Beasley, testified.

1

On February 12, 2009, the ALJ denied Plaintiff's claim, finding Plaintiff "not disabled." Plaintiff requested Appeals Council review, which the Appeals Council denied on December 2, 2010. Therefore, the February 12, 2009 decision of the ALJ became the final decision of the Commissioner for purposes of judicial review under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981 (2005).

## **ADMINISTRATIVE LAW JUDGE'S FINDINGS**

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ made the following findings:

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2008.

2. The claimant did not engaged in substantial gainful activity during the period from his alleged onset date of November 6, 2005 through his date last insured of December 31, 2008. 20 C.F.R. § 404.1571 *et seq*.

3. Through the date last insured, the claimant had the following severe impairments: obesity, diabetes and hypertension. 20 C.F.R. § 404.1521 *et seq*.

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to lift up to 20 pounds occasionally and 10 pounds frequently, stand and walk for 2 hours out of an 8 hour workday and sit for 6 or more hours out of an 8 hour workday, limited by the ability to stretch for 2 minutes at 45 minute to 1 hour intervals, no ropes, ladders, scaffolds, no overhead lifting, work only in a well-ventilated area and no work involving heights. Due to some dysthymia, the claimant is also limited to no complex instructions and may have some difficulty in concentration.

6. Through the date last insured, the claimant was capable of performing past relevant work as a cable cutter. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity. 20 C.F.R. § 404.1565.

7. The claimant was not under a disability, as defined in the Social Security Act, at any time form November 6, 2005, the alleged onset date, through December 31, 2008, the date last insured. 20 C.F.R. § 404.1520(f).

(T.R. 15-24).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987).

At the fifth step, it must be determined whether claimant could perform some work in the national economy. A claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with his medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Acarid*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Seders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

In this case, a determination was made at the fourth step.

## **ANALYSIS**

Plaintiff's first point of error is that the Commissioner failed to provide a complete administrative record. However, the record has now been supplemented and that point of error is overruled.

Plaintiff's second point of error is that the ALJ applied an incorrect standard to evaluate Plaintiff's severe impairments. Here, the ALJ recited the non-severe standard as one which would have no more than a minimal effect on an individual's ability to work rather than that of a minimal effect on the individual that would not be expected to interfere with the individual's ability to work. Or in other words, focusing on the effect on the individual's ability to work versus effect on the individual. In reviewing current and relevant Fifth Circuit authority, the Court finds that this is nothing more than a matter of semantics and does not warrant a remand on that ground alone. Although the ALJ did not specifically refer to *Stone v. Heckler,* 752 F.2d 1099, 1101 (5th Cir.1985), which provides the appropriate legal standard for determining the severity of the disability, procedural perfection is not required unless it affects the substantial rights of a party. *See Mays v.*

5

*Bowen,* 837 F.2d 1362, 1364 (5th Cir.1988). The ALJ did not end his analysis at step 2 but proceeded on to step 4. While the "slight abnormality" standard is used by an ALJ to determine whether an impairment is severe, that standard is not applied after the ALJ finds the impairment to be severe. *Darrell v. Bowen,* 862 F.2d 471, 481 (5th Cir. 1988) (distinguishing between severe and disabling impairments); *Caper v. Bowen,* 815 F.2d 1008, 1011 (5th Cir. 1987) (same).

It appears that Plaintiff argues that the ALJ should have found a severe mental impairment. Yet, the ALJ specifically addressed depression and found it was not a severe mental impairment. The ALJ cites the medical evidence that indicates to him that there was not a severe mental impairment. First, he notes that no psychiatric problems were noted in an examination. A year later, the plaintiff returned to the physician who had prescribed Ambien and Wellbutrin and stated he "might be depressed." Again, an evaluation revealed no psychiatric abnormalities. Dr. Kabel diagnosed Plaintiff with mild depression without psychoses or suicidality. The doctor also noted that Plaintiff's primary limiting factor was physical. Other MHMR references noted no psychiatric abnormalities. The hearing expert, Dr. Smith, also testified that Plaintiff only had mild depression.

Plaintiff also contends that the ALJ should have considered his edema. However, the ALJ did consider Plaintiff's edema, even noting that with some weight loss the doctor felt the problem could be resolved.

Plaintiff also faults the ALJ for failing to take into account his need to nap during the day. The ALJ noted that this is what Plaintiff testified to, yet credibility decisions are reserved to the ALJ. *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). Such determination is entitled to great deference. *See Newton v. Apfel*, 209 F.2d 448, 459 (5th Cir. 2000). The Court finds no reversible

error as to Point of Error 2.

Plaintiff's Third Point of Error is that the ALJ failed to establish that Plaintiff can return to his past relevant work. The Court notes that Plaintiff still bears the burden of demonstrating disability at step 4, not the ALJ. Plaintiff's point is that his past relevant work was that of a cable cutter and not a clearance cutter. He contends that the VE testified to the wrong DOT as to his past employment.

In this circuit, when a VE's testimony conflicts with the DOT, "the ALJ may rely on the vocational expert's testimony, provided that the record reflects an adequate basis for doing so." *Carey v. Apfel,* 230 F.3d 131, 146 (5th Cir. 2000). Further, "DOT job descriptions should not be given a role that is exclusive of more specific vocational expert testimony with respect to the effect of an individual claimant's limitations on his or her ability to perform a particular job." *Id.* at 145. Plaintiff testified that, in previous employment, he had to cut cable and lift up to 20 pounds. This is the hypothetical that the ALJ gave the VE. There is no evidence that his past work as an optic cable cutter was not sedentary, thus the ALJ's reliance on the VE testimony, though not necessary, was proper.

The determination whether a claimant can perform past relevant work may rest on either (1) descriptions of past work as actually performed; or (2) as generally performed in the national economy. *Villa v. Sullivan,* 895 F.2d 1019, 1022 (5th Cir. 1990). The ALJ was well within his discretion to disregard the DOT's definition of cable cutter and define Plaintiff's past relevant work using the actual demands of his past work as testified to by Plaintiff. *Jones v. Bowen*, 829 F.2d 524, 527 n.2 (5th Cir. 1987). The ALJ made the factual finding that Plaintiff could perform his past

work as it was actually performed and such finding ends the inquiry. Plaintiff's Third Point of Error is overruled.

## **RECOMMENDATION**

Pursuant to the foregoing, the Court RECOMMENDS that the decision of the Administrative Law Judge be **AFFIRMED.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days shall bar an aggrieved party from attacking the factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 106 (1985); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc).

**SIGNED this 23rd day of July, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE